LAW OFFICES OF BING LI, LLC
Bing Li, Esq. (BL 5550)
John P. Stebe, Esq. (JS 2046)
1350 Broadway, Suite 1001
New York, NY 10018-0947
(212) 967-7690
(212) 658-9788 (facsimile)
bli@blillc.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

--------------------------------------------------------x

STAR PACIFIC CORPORATION,                          Case No.: CV 08-4957 (SDW)

                        Plaintiff,      **FIRST AMENDED COMPLAINT**
                                                   **FOR COPYRIGHT**
                                                   **INFRINGEMENT, TRADE DRESS**
    -against-                            **INFRINGEMENT AND UNFAIR**
                                                   **COMPETITION AND**
STAR ATLANTIC CORPORATION, a                       **JURY TRIAL DEMAND**
New Jersey Corporation, QI LU, individually
and as agent for Star Atlantic Corporation (NJ),
STAR ATLANTIC CORPORATION, a Florida
Corporation, YAFEI ZHAO a/k/a ALFRED
ZHAO, individually and as agent for Star
Atlantic Corporation (FL/NJ), OCEAN
TEXTILE CORPORATION, a Florida
Corporation, ANNA KARINA, INC., a Florida
Corporation, ZHENG LI a/k/a MICHAEL LI,
individually and as agent for Star Atlantic
Corporation (FL/NJ), Ocean Textile Corporation
and Anna Karina, Inc., JOHN DOE
# 1-10 and JANE DOE # 1-10, and XYZ
CORPORATION #1-10, all names being
fictitious and presently unknown,

                       Defendants.

--------------------------------------------------------x

       Plaintiff, STAR PACIFIC CORPORATION, by and through their undersigned

counsel, for its First Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil

Procedure, alleges at all times and upon information and belief and states as follows:

## JURISDICTION AND VENUE

1.      This is a civil action for copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq., the Berne Convention and the Universal Copyright Conventions; for trade dress infringement and unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125, and the laws of the State of New Jersey.

2.      This court has jurisdiction over the subject matter of this claim pursuant to 28 U.S.C. § 1332 and § 1338, 17 U.S.C. § 101 et seq., and the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and § 1400(a).

3.      Jurisdiction is proper in the United States District Court for the District of New Jersey because the corporate defendants are New Jersey corporations and/or regularly transact business in the State of New Jersey and the individual defendants are New Jersey residents and/or regularly transact business in the State of New Jersey.

4.      Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b) and (c) because the defendants reside in this District and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## PARTIES

5.      STAR PACIFIC CORPORATION ("SPC") is a New Jersey corporation incorporated in 2001 with its principal place of business at 20 Temple Avenue, Hackensack, NJ 07601 mainly engaging in the business of manufacturing, marketing, distributing and selling rugs, bathroom mats and comforters throughout the United States.

6.      At all relevant times, SPC had a fully owned subsidiary in Florida, SPC Rug & Linen Outlet Inc. ("SPC-RLO").  SPC-RLO had maintained its business location at 5007 NW 165th Street, Miami, Florida 33014 until September 1, 2007 when it relocated to 4980 NW 165th Street, Suite A-15B, Miami, Florida 33014.

7.      Defendant STAR ATLANTIC CORPORATION ("SAC-NJ") is a New Jersey corporation incorporated in October 2007 with its registered business address at 550 Industrial Road, Unit B, Carlstadt, NJ 07072.

8.      Defendant QI LU ("Lu") was and is a New Jersey resident residing at 200 Old Palisades Road, Apt. 5F, Fort Lee, NJ 07024 and 51 Stonewall Ct., Woodcliff Lake, NJ 07677.  From the inception of SAC-NJ, Lu has been the shareholder, director and officer of SAC-NJ.

9.      Defendant STAR ATLANTIC CORPORATION ("SAC-FL") is a Florida corporation incorporated in March 2007 with its registered business address at 10960 SW 15th Street, Apt. 206, Pembroke Pines, FL 33025.

10.     Defendant YAFEI ZHAO a/k/a ALFRED ZHAO ("Zhao") was and is a New Jersey resident residing at 620 Gorge Road, Apt. # 404, Cliffside Park, NJ 07010.  Zhao was sales manager of SPC from 2004 to March 2007 when he formed SAC-FL and was and is a shareholder, director and president of SAC-FL.  Since October 2007, Zhao has also been a shareholder, director and vice president of SAC-NJ.

11.     Upon information recently obtained by plaintiff, defendant OCEAN TEXTILE CORPORATION ("OTC") is a Florida corporation incorporated on or about June 16, 2008 with its principal registered business address at 4980 NW 165th Street, Suite A-15B, Miami, Florida 33014.

12.     Defendant ANNA KARINA, INC. ("AKI") is a Florida corporation incorporated on or about September 18, 2006 with its principal registered business address at 4980 NW 165th Street, Unit A-15, Miami, Florida 33014.

13.     Defendant ZHENG LI a/k/a MICHAEL LI ("Li") was and is a New Jersey resident residing at 176 Millburn Avenue, Apt. 29, Millburn, New Jersey 07041.  Li was a salesperson of SPC and office manager of SPC-RLO from 2005 to March 2007 when Li formed SAC-FL and was and is a shareholder, director and vice president of SAC-FL.  Since October 2007, Li has also been a shareholder, director and officer of SAC-NJ.

14.     Upon information and relief, Li on or about June 16, 2008 caused OTC to be formed in Miami, Florida and was and is the president, director and shareholder of OTC.

15.     Upon information and belief, Li was and is a shareholder or otherwise had and has ownership interest in and control over AKI and used and continues to use AKI as an alter ego and an instrumentality in committing the conduct complained herein.

16.     SAC-NJ and SAC-FL are jointly referred to as "SAC."

17.     Defendants John Does and Jane Does # 1-10 and XYZ Corporations # 1-10, all names being fictitious and presently unknown, are individuals or entities who are engaged in the business of manufacturing, importing, distributing, offering for sale, and/or selling rugs, bathroom mats and comforters which infringe plaintiffs' federally registered copyrights. Upon information and belief, said individuals and entities have been and are still involved in contributing to and/or inducing and engaging in the alleged manufacture, importation, distribution, offering for sale and/or sale of plaintiff's infringing products by or with the named defendants.  The Complaint will be amended to name said individuals or entities as defendants when further information becomes available.

## PLAINTIFFS' COPYRIGHTED DESIGNS

18.     SPC manufactures, markets, distributes and sells rugs, bathroom mats and comforters in the United States.  Most of the bathroom mats are sold in three-piece sets featuring a toilet cover, a toilet foot rug and a sink mat.  These three-piece sets are classified and inventoried into seven major collections, namely, (a) Excel 3PC, (b) Deluxe 3PC, (c) Ideal 3PC, (d) Grand 3PC, (e) Heather 3PC, (f) Fashion 3PC, and (g) Bravo 3PC.

19.     Each collection, in turn, has a collection of designs unique of its own.  For example, the collection of **Excel 3PC** has two unique designs featuring "Flowers" (beige, pink, light green, burgundy, light blue and ivory) and "Leaves" (beige, pink, mint green, burgundy and light blue), shown as follows:

Sample "Flower" and "Leaves" Design of Excel 3P (in assorted colors)



Excel 3PC "Flower" Design



Excel 3PC "Leaves" Design

20.     Similarly, the collection of **Deluxe 3PC** has five unique designs featuring "Flowers," "Palm Tree," "Dolphin," "Shell" and "Fish" (also in assorted colors), shown as follows:

Sample "Flower," "Palm Tree," "Dolphin," "Shell," and "Fish"
Designs of Deluxe 3P (in assorted colors):



| Deluxe 3PC "Flower" Design | Deluxe 3PC "Palm Tree" Design | Deluxe 3PC "Dolphin" Design | Deluxe 3PC "Shell" Design | Deluxe 3PC "Fish" Design |
|---|---|---|---|---|

21.    The collection of **Bravo 3PC** has one unique design featuring "Flowers," shown as follows:



Bravo 3P "Flowers" Design

22.    The collection of Excel Single Mats have three unique designs featuring "Leaves," "Fish," and "Kite" shown as follows:



| Excel Single Mat "Leaves" | Excel Single Mat "Fish" | Excel Single Mat "Kite |
|---|---|---|

23.     Deluxe Single Mats have one unique design featuring "flowers" shown as follows:



Deluxe Single Mat "Flowers" design

24.     Of the plaintiff's designs, the Excel 3PC, Deluxe 3PC and Bravo designs have been most popular in the U.S. market.  To protect these valuable designs, SPC on April 12, 2005 successfully registered with the U.S. Copyright Office its Excel 3PC collection under the Registration Number of VA 0001309528 shown in the attached deposit pictures (the "Excel Collection Designs"); on June 16, 2005 the Deluxe Palm Tree Collection under the Registration Number of VA 0001328583 shown in the attached deposit pictures (the "Deluxe Palm Tree Designs"); and on November 3, 2005 all plaintiff's designs under the title of "Star Pacific 2005 Collection" bearing the Registration Number VA 0001372115 shown in the attached deposit pictures (the "2005 Collection Designs").

25.     The copyright registration certificate for the Excel Collection Designs, together with the deposit pictures, is submitted hereto as **Exhibit A**.

26.     The copyright registration certificate for the Deluxe Palm Tree Designs, together with the deposit pictures, is submitted hereto as **Exhibit B**.

27.     The copyright registration certificate for the 2005 Collection Designs, together with the deposit pictures, is submitted hereto respectively as **Exhibit C**.

28.     Plaintiff's unique and distinguished designs in its products brought plaintiff's business success and market penetration.  By 2005, the company's annual sales volume was 6.2 million U.S. dollars.

29.     The popularity of SPC's designs had also led to unlawful exploitation of plaintiff's goodwill in the designs and wrongful copyright infringement by its competitors. As a result, SPC has spent valuable resources in protecting its valuable copyright property by commencing legal actions for copyright infringement, to wit, Star Pacific Corporation v. SL Home Fashions, Inc., B&H International, and Nanchang Golden Tide International Trade Co., Ltd., Case No. 05 civ 7045 (RCC) (the late Hon. Richard C. Casey, U.S.D.J.), commenced in Southern District of New York on August 8, 2005; Star Pacific Corporation v. New Venezia Textile, Inc., Middle East Textiles Corporation and Mohammed Ijara, Case No. 06 Civ. 2763 (the late Hon. Richard C. Casey, U.S.D.J.), commenced in Southern District of New York on April 10, 2006; and Star Pacific Corporation v. Alkam's Home Fashion, Inc., Hassan Hassan, and Shanghai Seven Continents Art & Textiles Co., Ltd., Case No. 06 Civ. 3023 (Hon. Paul A. Crotty, U.S.D.J.), commenced in Southern District of New York on April 19, 2006.

30.     Plaintiff has continuously used the copyrighted designs in its products and the distinctive and unique designs and packaging have become well known and identified in the minds of the trade and the purchasing public as identifying these products as plaintiff's products, as indicating the source and quality of these products, and as signifying the association with plaintiff.

## SPC'S SHAREHOLDER LAWSUIT

31.     Until June 27, 2008, the shareholders of SPC were Frank Liu, Emma Hu, Douglas Shin and Chang-Sheng Liu ("C. Liu").  The business success of SPC also witnessed

C. Liu's betrayal for his greed and self-dealings.  On or about October 18, 2006, C. Liu

forged a Resolution of the Special Meeting of the Shareholders of Star Pacific Corporation

thereby usurped the control and management of SPC.  In November 2006, the other

shareholders commenced a lawsuit in the Superior Court of New Jersey, Bergen County.

32.     Despite plaintiffs' efforts, C. Liu managed to retain control of SPC relying on

fabricated documents and perjurious statements submitted to the court.  Therefore, by Order

dated March 16, 2007, the Court (Hon. Robert P. Contillo, J.S.C.) directed that "[C.] Liu, as

President of SPC remains the sole legal authority to transact business or act on behalf of SPC

free from interference from shareholders pending further Order of the Court."  However, the

Court there further ordered that "[t]here shall be no sale or encumbrance of any company

assets outside the ordinary course of business without the consent of the parties or Order of

the Court."

33.     The action was tried to the bench in February 2008 and the Court (Hon. Robert

P. Contillo, J.S.C.) issued a decision and judgment on June 27, 2008 (the "NJ Judgment").

34.     Judge Contillo found that C. Liu implemented a coup of SPC in the fall of

2006 when he fabricated the existence of a shareholder, who never was a shareholder.  The

fabrication vested C. Liu with apparent majority status as to SPC thereby C. Liu wrongfully

wrested control of the company from its president, Frank Liu, and began to run the company,

on this illegitimate basis, propped up with documents forged at his direction, to the exclusion

of the other proper shareholders.  The Court further found: "Trial exposed [C. Liu's]

complete lack of credibility, and validated plaintiffs' claims that [C. Liu] perpetrated a fraud

upon the company, and its shareholders, which misconduct was perpetuated throughout this

litigation and up to the time of trial and during the trial."  The Court entered a judgment in

favor of SPC and against C. Liu in the amount of $1,400,000, finding that he "stripped the company assets and inventory under his control to the bone, diverting same for his own personal benefit"; granted a constructive trust of C. Liu's shares in the company; enjoined C. Liu from taking any actions on behalf of the company; restored control of the company to the other shareholders; and assessed punitive damages of $250,000 against C. Liu in favor of Frank Liu, $100,000 Emma Hu, and $100,000 Douglas Shin, finding that C. Liu's actions "were outrageous, calculated to inflict personal harm, entirely beyond the pale of acceptable behavior.  Proofs in this regard were clear and convincing.  This was a deliberate high-jacking of a corporation, a diversion of its assets and opportunities, bleeding the company dry, and reliance on a rain storm to cover his tracks.  As a result of these outrageous actions, the company is either insolvent, or nearly insolvent, and the investments of his co-shareholders lost, or nearly lost."

35.    By operation of the Judgment, the remaining three shareholders resumed control of SPC and have since undertaken to restore the business and regain the financial strength of SPC.

## DEFENDANTS' INFRINGING ACTIVITIES

### A.  Defendants Zhao and Li' Formation of SAC-FL

36.    Defendant Zhao was at the time of C. Liu's coup d'état of SPC in October 2006 a sale manager of SPC.  Defendant Li was in October 2006 a salesperson of SPC and office manager of SPC-RLO.

37.    In or about March 2007, Zhao, Li, acting in concert with C. Liu, and with financial backup and inventory supply of SPC funneled by C. Liu, formed SAC-FL to engage in business in direct competition with SPC.

38.     The incorporation papers of SAC-FL list Zhao as registered agent and president and that its registered address is "10960 SW 15th Street, Apt. 206, Pembroke Pines, FL 33025," which was, in fact, a residence rented by SPC-RLO for its non-Miami resident employees since September 2005.

39.     The incorporation papers of SAC-FL also list Li as its vice president.

40.     After Zhao and Li formed SAC-FL, Zhao and Li, acting in concert with C. Liu, rented a warehouse within New Jersey located at 550 Industrial Road, Unit B, Carlstadt, NJ 07072.

41.     Immediately thereafter, Zhao and Li, in concert with C. Liu, converted SPC's inventory and other valuable resources such as the existing marketing channels, usurped SPC's business opportunities, engaged in direct competition with SPC by selling plaintiff's products as their own through SAC-FL directly to plaintiff's existing customers.

42.     Zhao and Li, in concert with C. Liu, had also imported and sold large quantities of merchandise bearing SPC's copyrighted designs and in virtually identical SPC's packaging.

43.     At the same time when Zhao and Li wrongfully competed with SPC's business, they continued to receive salaries paid by SPC.  During the months from April through August 2007, Zhao received a total payment of $11,907.49 from SPC as salaries and reimbursement of travel expenses.  During the months of April through June 30, 2008, Li received a total payment of $44,140.13 from SPC as salaries.

44.     The NJ Judgment also directs that C. Liu surrender all business records of SPC and SPC-RLO.  Incomplete business records since surrendered by C. Liu show that from August to October 2007, at least an amount of $19,400 was transferred from SPC to SAC-FL.

45.     In addition, at least on one known occasion, C. Liu had issued checks of SPC to pay a deposit of $750 for SAC-FL's participation in the ASD/AMD's Las Vegas August Show-Sands of 2007.

46.     SAC-FL also used SPC's Showroom located at 275 Fifth Avenue, 2nd Floor, New York, NY 10016, to promote and sell products bearing plaintiff's copyrighted designs and used both the Manhattan Showroom address and SPC's business address (20 Temple Avenue, Hackensack, NJ 07601) to receive merchandise deliveries.

47.     SAC-FL participated in the ASD/AMD New York Variety Merchandise Show from September 9 to 11, 2007 in Javis Center and displayed and offered to sell rugs, bath mats, comforters and other products that were identical to those of SPC.  On September 24, 2007, the three shareholders reported to the Court about C. Liu's transfer of SPC business and assets to SAC-FL and about Zhao and Li's competing business.  The Court initially scheduled a hearing on this issue for October 10, 2007, which somehow was not held.

**B.  Defendant Lu's Formation of SAC-NJ**

48.     Defendant Lu was a personal friend of C. Liu and Zhao.

49.     Following the submission to the Court regarding C. Liu's transfer of SPC assets and business, Lu, on October 29, 2007, formed SAC-NJ to engage in business in direct competition with SPC.

50.     The incorporation papers of SAC-NJ list Lu as the incorporator, agent and officer/director/member and the main business address of SAC-NJ at 550 Industrial Road, Unit B, Carlstadt, NJ 07072, which was the warehouse rented by Zhao and Li for use by SAC-FL.

51.     Thereafter, Lu, Zhao and Li, in concert with C. Liu, merged SAC-FL with SAC-NJ and continued their competing business through SAC-NJ and their sales of plaintiff's infringing products.  Zhao became the vice president of SAC-NJ.

52.     The incomplete business records surrendered by C. Liu also show that from November 2007 to May 2008, at least an amount of $18,561.16 was transferred from SPC to SAC-NJ.

53.     SAC-NJ participated in the ASD/AMD's Las Vegas Show from March 2 to 5, 2008 and displayed and offered to sell rugs, bath mats, comforters and other products bearing identical designs and packaging to those of SPC.

54.     Based on information recently obtained, C. Liu was on SAC-NJ's payroll and has held himself out as the "owner" of SAC-NJ.

### C.  Defendant Li's Formation of OTC and Relation to AKI

55.     On or about June 16, 2008, Li, in concert with C. Liu or others, formed OTS to engage in business in direct competition with SPC.

56.     The incorporation papers of OTC list Li as the President, Vice President and Director of OTC and that its registered address is "4980 NW 165th Street, Suite A-15B, Miami, Florida 33014," which has been, in fact, the business premises leased and occupied by SPC-RLO since September 1, 2007.

57.     Li's use of SPC-RLO's location for his own business was not known to the current shareholders of SPC until recently.

58.     Following the issuance of the NJ Judgment of June 27, 2008, Li moved his business to "Suite A-15" of 4980 NW 165th Street, which is immediately next to Suite A-15B and where AKI is located.

59.     Thereafter, Li has used "Suite A-15" of 4980 NW 165th Street continuously as the business address of OTC, shown in the signage posted in the entrance to the facility, in its website www.oceantextile.com, business invoices and Li's business card.

60.     At the same time, Li has utilized AKI as a cover and disguise through which Li did and continues to acquire, sell and distribute products bearing plaintiff's copyrighted designs and patterns.

### D.  Defendants' Continuous Sale of Plaintiff's Infringing Products

61.     Following the NJ Judgment, the control of SPC was restored and vested to the three plaintiffs-shareholders.

62.     SPC decided to resume enforcement of its protected copyright rights in its designs.

63.     Between September 8 and 27, 2008, SPC's president, Frank Liu, visited several former customers of SPC in the New York City area, to wit, Liberty Design Textiles Inc. store located at 126-02 Liberty Avenue, Queens, New York; King Curtains store located at 166-17 Jamaica Avenue, Queens, New York; K & K Linen store located at 89-37 165th Street, Queens, New York; Icha Linens store located at 92-12 & 92-15 Guy R. Brewer Blvd., Jamaica, New York; Alexus Stores located at 92-25 160th Street, Jamaica, New York; and Bargain International store located at 164-02 Jamaica Avenue, Jamaica, New York.  What Liu has discovered was disarmingly shocking as to the infringing activities of the defendants. Each of the stores visited by Liu has purchased from SAC for resale rugs, bathroom mats and comforters bearing plaintiff's copyrighted designs.

64.     A side-by-side comparison of plaintiff's products with those of SAC purchased by Liu from Icha Linens and Bargain International on September 27, 2008 is shown as follows:

Side-By-Side Comparison of Samples Purchased from Icha Linens
("Leaves" Design)



| Plaintiff's "Leaves" Design | Defendants' "Leaves" Design |

Side-By-Side Comparison of Samples Purchased from Icha Linens
("Shell" Design)



| Plaintiff's "Shell" Design | Defendants' "Shell" Design |

Side-By-Side Comparison of Samples Purchased from Icha Linens
("Dolphin" Design)



| Plaintiff's "Dolphin" Design | Defendants' "Dolphin" Design |
|---|---|

Side-By-Side Comparison of Samples Purchased from Icha Linens
(Bravo "Flowers" Design)



| Plaintiff's Bravo "Flowers" Design | Defendants' Bravo "Flowers" Design |
|---|---|

<u>Side-By-Side Comparison with Samples Purchased from Bargain International Stores</u>
<u>("Palm Tree" Design)</u>



| Plaintiff's "Palm Tree" Design | Defendants' "Palm Tree" Design |

<u>Side-By-Side Comparison with Samples Purchased from Bargain International Stores</u>
<u>("Shell" Design)</u>



| Plaintiff's "Shell" Design | Defendants' "Shell" Design |

65.    The side-by-side comparison of plaintiff's products with defendants' infringing products shows that the designs used by defendants in their products are identical to plaintiff's designs, evidencing defendants' direct copying of plaintiff's copyrighted designs.

66.     Pictures printed from OTC's website (www.oceantextile.com) (last visited 10/29/08) show that OTC has sold products bearing designs that are identical or substantially identical to those of plaintiff's, shown as follows:



### E.  Defendants' Infringement of Plaintiff's Trade Dress

67.     Defendants had also used a packaging header for the bathroom mats identical to that of SPC, except that the sailing boat drawing at the top left portion of plaintiff's header was replaced with the logo of "SAC."

68.     A side-by-side comparison of the packaging between SAC's and plaintiff's demonstrates that defendants have used plaintiff's packaging in their products, shown in the following:



| Plaintiff's Packaging | Defendants' Packaging |
|---|---|

69.     The replacement of SPC's logo (a sailing boat) with defendants' SAC logo on plaintiff's packaging header is clear evidence of defendants' willful exploitation of the goodwill associated with plaintiff's packaging.

## INJUNCTIVE RELIEF

70.     Defendants' infringing goods bearing plaintiff's copyrighted designs are offered in the same channels of trade as plaintiffs' goods, in direct competition with plaintiff's business.

71.     Defendants' unauthorized use of plaintiff's copyrighted designs is likely to cause confusion, to cause mistake, and to deceive reasonably prudent customers and prospective customers into falsely believing that defendants' goods are provided, sponsored or approved by plaintiff or that there is a connection or affiliation between plaintiff and defendants.

72.     In addition, defendants deliberately and knowingly replaced SPC's logo on the packaging (a sailing boat) with its own logo (SAC), showing defendants' willful infringement of plaintiff's trade dress.

73.     As a direct and proximate result of defendants' conduct set forth above, plaintiff has been irreparably injured.

74.     Defendants' conduct is continuing and will continue, constituting an ongoing threat to plaintiff.  Unless defendants are restrained and enjoined from engaging in the wrongful conduct described herein, plaintiff will suffer irreparable injury.  It would be difficult to ascertain the amount of compensation that could afford plaintiff adequate relief for the acts of defendants, present and threatened, and plaintiff's remedy at law is not adequate in and of itself to compensate plaintiffs for said harm and damage.

<u>COUNT I</u>
**Copyright Infringement in Violation of 17 U.S.C. § 501**

75.     Plaintiff incorporates by reference the allegations made in Paragraphs "1" through "73" as if set forth in full herein.

76.     At all relevant times, plaintiff was the copyright owner of the Excel Collection Designs, Deluxe Palm Tree Designs, and 2005 Collection Designs, collectively "plaintiff's designs," as shown in **Exhibit A, Exhibit B** and **Exhibit C** attached herein.

77.     Defendants did not have license or permission to use or otherwise exploit plaintiff's designs.

78.     Defendants have infringed plaintiff's Excel Collection Designs, Deluxe Palm Tree Designs, and 2005 Collection Designs in violation of plaintiff's exclusive rights under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 106 by copying plaintiff's designs without permission of their owner.

79.     Defendants have further infringed plaintiff's designs under the Excel Collection Designs, Deluxe Palm Tree Designs, and 2005 Collection Designs by wrongfully manufacturing, importing, distributing, selling, promoting, and otherwise exploiting copies of plaintiff's designs without plaintiff's authorization.

80.     Individual defendants Zhao, Li and Lu had actual knowledge that SPC had valid copyright rights in the Excel Collection Designs, Deluxe Palm Tree Designs, and 2005 Collection Designs.

81.     Zhao, Li and Lu actually knew that SPC had protected copyright interests in the designs under the Excel Copyright, Deluxe Palm Tree Copyright and 2005 Collection Copyright.

82.    Zhao, Li and Lu actually knew that selling and offering to sell rugs, bathroom mats and comforters bearing plaintiff's copyrighted designs infringed plaintiff's protected copyright rights.

83.    Zhao, Li and Lu actually engaged in the infringement activities by selling and offering to sell rugs, bathroom mats and comforters bearing plaintiff's copyrighted designs and were personally liable for their copyright infringement.

84.    Additionally, Zhao, Li and Lu, as shareholders, directors and officers of SAC, and Li as the shareholder, director and officer of OTC and AKI, had the right and ability to supervise the infringement activity of SAC, OTC and AKI and had a direct financial interest in such activities; had, with knowledge of the infringing activity, engaged, induced, caused or materially contributes to the infringing activities of the corporate defendants; and had knowingly participated in the infringement of plaintiff's copyrighted designs.

85.    Zhao, Li and Lu are directly and vicariously liable for infringing plaintiff's copyrighted designs.

86.    Defendants' unauthorized use of plaintiff's designs under each of the copyrights is in derogation of and injurious to plaintiff's exclusive rights.

87.    Plaintiff will be irreparably harmed unless defendants are temporarily and preliminarily enjoined from continuing to infringe plaintiff's designs under each of the copyrights.  By reason of the foregoing, plaintiff is entitled to a permanent injunction enjoining defendants from continuing the aforesaid acts of infringement.

88.    Defendants knowingly and recklessly disregarded plaintiff's exclusive rights and committed the infringement "willfully" within the meaning of Section 504(c)(2) of the Copyright Act of 1976, 17 U.S.C. § 504(c)(2).

89.     By reason of the foregoing, plaintiff is entitled to an award of damages pursuant to Sections 504 and 505 of the Copyright Act of 1976 of plaintiff's actual damages, defendants' profits, enhanced damages pursuant to 17 U.S.C. § 504(c)(2), costs of the action, reasonable attorney's fee, and such other and further relief as the Court may deem just and proper.

### COUNT II
### Trade Dress Infringement in Violation of 15 U.S.C. § 1125(a)

90.     Plaintiff incorporates by reference the allegations made in Paragraphs "1" through "88" as if set forth in full herein.

91.     The packaging in which plaintiff's products are marketed features a composite of unique features such as the color, size, texture, graphics and overall presentation, and the overall combination of the features is nonfunctional within the meaning of 15 U.S.C. § 1125(a)(3).

92.     Indeed, plaintiff's packaging is inherently distinctive and has acquired secondary meaning in the marketplace.

93.     Defendants, by copying and imitating plaintiff's packaging and its overall presentation features in marketing and selling rugs, bathroom mats and comforters, infringed plaintiff's packaging, which is likely to cause, and did have caused, confusion or mistake or to deceive, as to the affiliation, connection or association of SAC, OTC and AKI with SPC and as to the origin, sponsorship or approval of the defendants' products by SPC..

94.     Defendants' actions constitutes trade dress infringement in violation of 15 U.S.C. § 1125(a).

95.     Individual defendants Zhao, Li and Lu, as officers and owners of SAC and Li as the shareholder, director and officer of OTC and AKI have been the moving force behind the

infringing activity of the corporate defendants and have willfully, actively and knowingly engaged in infringing activities complained of herein and have willfully, actively and knowingly engaged in manufacturing, importation, distribution, selling and offering for sale of products that infringe plaintiff's trade dress.

96.    Individual defendants Zhao, Li and Lu are directly and vicariously liable for infringing plaintiff's trade dress.

97.    By reason of defendants' conduct, plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in the packaging.

98.    Plaintiffs is entitled to monetary damages and injunctive relief prohibiting defendants from using plaintiff's packaging or any other packaging or designation confusingly similar thereto under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116-1117.

99.    Defendants committed the infringing actions willfully and with intent to profit from plaintiff's goodwill in the designs which constitute an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, warranting an award to plaintiff of defendants' profits, plaintiffs' damages, treble damages, costs of the action, and reasonable attorneys' fees.

## COUNT III
### Unfair Competition in Violation of 15 U.S.C. § 1125(a)

100.    Plaintiff incorporates by reference the allegations made in Paragraphs "1" through "98" as if set forth in full herein.

101.    Plaintiff's designs under the Excel Copyright, Deluxe Palm Tree Copyright and 2005 Collection Copyright are inherently distinctive and have acquired secondary meaning in the marketplace.

102.    Defendants, by passing off plaintiff's designs and marketing and selling rugs, bathroom mats and comforters with the designs that have been associated with the products of plaintiff, have used in commerce a false description or origin, false or misleading description of fact, and false and misleading representation of fact, which is likely to cause, and did have caused, confusion among consumers about the source of the designs and about the origin of the designs.

103.    Defendants' actions constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

104.    Individual defendants Zhao, Li and Lu, as officers and owners of SAC and Li as the shareholder, director and officer of OTC and AKI, have directly participated in the unfair competition and are personally liable.

105.    By reason of defendants' conduct, plaintiff has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in the designs.

106.    Plaintiffs is entitled to monetary damages and injunctive relief prohibiting defendants from using plaintiff's designs or any other logotype, trademark or designation which is likely to be confused with plaintiff's designs under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116-1117.

107.    Defendants committed the infringing actions willfully and with intent to profit from plaintiff's goodwill in the designs which constitute an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. § 1117, warranting an award to plaintiff of defendants' profits, plaintiffs' damages, treble damages, costs of the action, and reasonable attorneys' fees.

<u>**COUNT IV**</u>
**Unfair Competition in Violation of N.J.S.A. 56:4-1 <u>et</u> <u>seq.</u>**

108.    Plaintiff incorporates by reference the allegations made in Paragraphs "1"

through "104" as if set forth in full herein.

109.    Defendants' aforesaid conduct constitutes unfair competition under New

Jersey's common law and a violation of New Jersey Unfair Competition Law codified as

N.J.S.A. 56:4-1 <u>et</u> <u>seq.</u>

110.    Defendants' wrongful acts have proximately caused and will continue to cause

plaintiff substantial injury, including loss of business, dilution of its goodwill, injury to its

reputation and diminution in value of its proprietary information and property.  These actions

will cause imminent irreparable harm and injury to plaintiff, the amount of which will be

difficult to ascertain if they are allowed to continue.

111.    Plaintiff is without adequate remedy at law.

112.    By reason of the foregoing, plaintiff is entitled to both a permanent injunction

enjoining defendants from continuing the aforesaid acts and an award of damages in an

amount to be determined at trial.


**WHEREFORE,** plaintiff demands judgment as follows:

(a)    That defendants, their officers, directors, agents, representatives, servants and

employees be permanently enjoined from directly or indirectly infringing plaintiff's designs

under the Excel Collection Copyright, Deluxe Palm Tree Copyright, and 2005 Collection

Copyright, including, but not limited to, continuing to produce, manufacture, distribute, sell,

market, promote or advertise any product containing plaintiff's copyrighted designs;

(b)     That defendants, their officers, directors, agents, representatives, servants and employees be permanently enjoined from directly or indirectly infringing plaintiff's trade dress, including, but not limited to, continuing to use, utilize, adopt or otherwise utilize plaintiff's trade dress;

(c)     That defendants be ordered to provide an accounting of all sales of any and all rugs, bath mats, comforters and other products bearing plaintiff's designs and trade dress and upon proper accounting, pay plaintiff its actual damages plus defendants' profits, enhanced damages, tremble damages, costs of the action, and reasonable attorneys' fees;

(d)     That defendants be ordered to recall all products sold bearing plaintiff's designs and trade dress and destroy all unsold and recalled infringing products, packages, labels, advertising and promotional material, and related items;

(e)     That defendants be ordered to pay plaintiff prejudgment interest on any monetary award; and

(f)     That the Court award plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues herein so triable.


Dated: October 30, 2008

                                        Respectfully submitted,


                                        LAW OFFICES OF BING LI, LLC
                                        Attorneys for Plaintiff

                                        By: /s/_____
                                             Bing Li (BL 5550)
                                             John P. Stebe (JS 2046)
                                             1350 Broadway, Suite 1001
                                             New York, NY 10018-0947
                                             (212) 967-7690
                                             (212) 658-9788 (facsimile)



## L.CIV. RULE 11.2 CERTIFICATION

I, Bing Li, an attorney duly admitted to practice before this Court, hereby certify that

the matter in controversy is not the subject of any other action pending in any court, or of any

pending arbitration or administrative proceeding.


Dated: October 30, 2008

                                        _____
                                                /s/
                                             Bing Li