| | |
|---|---|
| STAR PACIFIC CORPORATION, | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| Plaintiff(s), | |
| -vs- | Civil Action No. 08-4957 (SDW) |
| STAR ATLANTIC CORP., et al., | REPORT AND RECOMMENDATION |
| Defendant(s), | |

## BACKGROUND

On October 8, 2008, plaintiff, Star Pacific Corporation ("plaintiff"), filed the complaint. On October 17, 2008, defendants Star Atlantic Corporation, a New Jersey Corporation ("SAC/NJ"); Qi Lu; Star Atlantic Corporation, a Florida Corporation ("SAC/FL"); Yafei (Alfred) Zhao; and Zheng Li filed an answer to the complaint and asserted counterclaims. On October 30, 2008, plaintiff filed an amended complaint to add Ocean Textile Corporation, Anna Karina, Inc., and fictitious individuals and entities as party defendants. On November 21, 2008, SAC/NJ, SAC/FL, Qi Lu, Yafei (Alfred) Zhao, and Zheng Li filed an answer to the amended complaint and asserted counterclaims. On December 1, 2008, Ocean Textile and Anna Karina filed an answer to the amended complaint.

On January 23, 2009, attorney James Flynn ("Flynn") of the law firm of Epstein, Becker & Green, P.C., filed a motion to be relieved as counsel for SAC/NJ, Qi Lu, SAC/FL, and Yafei (Alfred) Zhao. On January 23, 2009, Flynn and defendant Zheng Li filed a Stipulation of Attorney, wherein Flynn withdrew from representing Zheng Li who was substituted to represent himself *pro se*. On January 27, 2009, this Court granted Flynn's motion to withdraw ("January 27, 2009 Order").

On February 3, 2009, this Court issued a Letter Order, supplementing the January 27, 2009 Order, and directing, among other things, that Flynn provide a copy of the February 3, Order to his clients. This Court further directed SAC/NJ and SAC/FL, which are corporate entities, to have new counsel enter an appearance on their behalf no later than February 15, 2009, as corporate entities cannot represent themselves under applicable law. The Court also advised that, if counsel failed to enter an appearance on behalf of SAC/NJ and SAC/FL by February 15, 2009, this Court would ask the District Court to strike the answer and counterclaims of SAC/NJ and SAC/FL and enter default against them.

As to defendants Qi Lu, Yafei (Alfred) Zhao, and Zheng Li, if new counsel was not secured by February 15, 2009, the Court would then deem them to be proceeding on a pro se basis. The attorneys and pro se parties were directed to appear for status conference on February 26, 2009 at 12:00 p.m.. The February 3, 2009 Letter Order admonished that failure to appear would result in sanctions, up to and including entry of default.

On February 13, 2009, attorney Kevin Tung filed a Notice of Appearance on behalf of SAC/NJ, SAC/FL, Qi Lu, and Yafei (Alfred) Zhao. Thereafter, on April 9, 2009, attorney Tung filed a motion to be relieved as counsel for SAC/NJ, SAC/FL, and Yafei (Alfred) Zhao. On May 22, 2009, this Court issued a Letter Order, granting attorney Tung's motion to withdraw based on good cause shown. However, the Court again directed SAC/NJ and SAC/FL, as corporate entities, to have new counsel enter an appearance on their behalf no later than June 15, 2009. The Court further advised that, if counsel had not entered an appearance on their behalf by June 15, this Court would ask the District Court to strike their answer and counterclaims and enter default against them. As to defendant Yafei (Alfred) Zhao, if new counsel was not secured by June 15, the Court would then

deem him to be proceeding on a pro se basis.  The attorneys and *pro se* parties were directed to appear for a status conference on June 16, 2009 at 3:30 p.m..  Failure to appear would result in sanctions, up to and including entry of default.

On June 16, 2009, no party or counsel appeared on behalf of SAC/NJ, SAC/FL, or Yafei (Alfred) Zhao.  Zheng Li appeared *pro se* at the conference and attorney Kun Zhao appeared on behalf of Qi Lu.  On June 17, 2009, the Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of the failure of SAC/FL, SAC/NJ, and Yafei (Alfred) Zhao to attend the Court ordered June 16, 2009, Conference.[1]  The Order to Show Cause was returnable July 22, 2009 at 3:00 p.m.  These parties were directed to file any written submissions with the Court by July 16, 2009.

On July 22, 2009, Yafei (Alfred) Zhao appeared *pro se* at the hearing, but no party or counsel appeared on behalf of SAC/NJ or SAC/FL.  On July 24, 2009, the Court issued an Order discharging the Order to Show Cause against Alfred Zhao.[2]  The Court scheduled a conference on October 2, 2009 and the corporate defendants did not appear.  To date, no one has appeared or contacted the Court on behalf of the corporate defendants.

Pursuant to settled Third Circuit law, corporations cannot represent themselves pro se.  See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1966).  Despite repeated admonitions, the corporate defendants have not retained counsel.  Therefore, I recommend that the District Court strike the Answer and Counterclaims of corporate defendants Star Atlantic Corporation (a New

---

[1]  The Order to Show Cause was mistakenly issued to Qi Lu as he was represented by counsel, who appeared at the June 16, 2009 conference.

[2]  The July 24, 2009 Order also discharged the Order to Show Cause against Qi Lu.

3

Jersey corporation) and Star Atlantic Corporation (a Florida corporation) (Docket Entry No. 35),[3]

and that plaintiff be allowed to proceed to judgment by default as to corporate defendants Star

Atlantic Corporation (a New Jersey corporation) and Star Atlantic Corporation (a Florida

corporation) and enter default against them.  The parties have ten (10) days from the date hereof to

file and serve objections.


                                                            Respectfully submitted,


                                                            *s/Madeline Cox Arleo*
                                                            MADELINE COX ARLEO
                                                            United States Magistrate Judge


Dated:  October 6, 2009

Orig.:  Clerk of the Court
cc:      Hon. Susan D. Wigenton, U.S.D.J.
          All Parties
          File

---

[3] The Court notes that the Answer and Counterclaims has been jointly filed on behalf of SAC/NJ, SAC/FL, and co-defendants Yafei (Alfred) Zhao, Qi Lu, and Zheng Li.  As such, the undersigned's recommendation to strike the Answer and Counterclaims applies only to defendants SAC/NJ and SAC/FL.