|  |  |
|---|---|
| STAR PACIFIC CORPORATION, | UNITED STATES DISTRICT COURT |
| Plaintiff(s), | DISTRICT OF NEW JERSEY |
| -vs- | Civil Action No. 08-4957 (SDW) |
| STAR ATLANTIC CORP., et al., | REPORT AND RECOMMENDATION |
| Defendant(s), |  |

## BACKGROUND

On October 8, 2008, plaintiff, Star Pacific Corporation ("plaintiff"), filed the complaint. On October 17, 2008, defendants Star Atlantic Corporation, a New Jersey Corporation ("SAC/NJ"); Qi Lu; Star Atlantic Corporation, a Florida Corporation ("SAC/FL"); Yafei (Alfred) Zhao ("Alfred Zhao"); and Zheng Li filed an answer to the complaint and asserted counterclaims. On October 30, 2008, plaintiff filed an amended complaint to add Ocean Textile Corporation, Anna Karina, Inc., and fictitious individuals and entities as party defendants. On November 21, 2008, SAC/NJ, SAC/FL, Qi Lu, Alfred Zhao, and Zheng Li filed an answer to the amended complaint and asserted counterclaims. On December 1, 2008, Ocean Textile and Anna Karina filed an answer to the amended complaint. On December 5, 2008, plaintiff filed an answer to defendants' counterclaims.

On November 12, 2008, this Court entered a Letter Order, stating that a Scheduling Conference would be held on December 8, 2008. In advance of the conference, the parties were directed to exchange Fed. R. Civ. P. 26 disclosures.

Following the December 8, 2008 conference, the Court issued a Pretrial Scheduling Order on December 8, 2008, with a discovery end date of May 15, 2009. The Scheduling Order directed

the parties to, among other things, raise any discovery disputes with the Court after the parties' good faith attempt to resolve the dispute had failed. Written discovery was to be served by December 22, 2008, and responses were due within thirty days of receipt. The Scheduling Order admonished that failure to follow the discovery schedule would result in sanctions pursuant to FED. R. CIV. P. 16(f) and 37. A telephone status conference was scheduled for February 26, 2009.

According to plaintiff's counsel, he served written discovery demands on Alfred Zhao's attorney James Flynn ("Flynn") of the law firm of Epstein, Becker & Green, P.C., on December 22, 2008. (See Bing Li's 9/24/09 Letter at Exhs. B & C). Accordingly, Mr. Zhao's answers to plaintiff's written discovery demands were due on or before January 23, 2009. (See id.) On January 20, 2009, this Court issued a Letter Order, converting the February 26, 2009 telephone status conference to an in person conference on the same date.

On January 23, 2009, attorney Flynn filed a motion to be relieved as counsel for SAC/NJ, Qi Lu, SAC/FL, and Alfred Zhao. On January 23, 2009, Flynn and defendant Zheng Li filed a Stipulation of Attorney, wherein Flynn withdrew from representing Zheng Li who was substituted to represent himself *pro se*. On January 27, 2009, this Court granted Flynn's motion to withdraw ("January 27, 2009 Order"). According to plaintiff's counsel, Alfred Zhao had not responded to plaintiff's written discovery demands by January 23, 2009. (See Bing Li 9/24/09 Ltr).

On February 3, 2009, this Court issued a Letter Order, supplementing the January 27, 2009 Order, and directing, among other things, that Flynn provide a copy of the February 3, Order to his clients. This Court further directed SAC/NJ and SAC/FL, which are corporate entities, to have new counsel enter an appearance on their behalf no later than February 15, 2009, as corporate entities cannot represent themselves under applicable law. The Court also advised that, if counsel failed to

2

enter an appearance on behalf of SAC/NJ and SAC/FL by February 15, 2009, this Court would ask the District Court to strike the answer and counterclaims of SAC/NJ and SAC/FL and enter default against them.

As to defendants Qi Lu, Alfred Zhao, and Zheng Li, if new counsel was not secured by February 15, 2009, the Court would then deem them to be proceeding on a pro se basis. The attorneys and *pro se* parties were directed to appear for status conference on February 26, 2009 at 12:00 p.m.. The February 3, 2009 Letter Order admonished that failure to appear would result in sanctions, up to and including entry of default. On February 13, 2009, attorney Kevin Tung, Esq. filed a Notice of Appearance on behalf of SAC/NJ, SAC/FL, Qi Lu, and Alfred Zhao.

On February 26, 2009, the Court held an in person conference. Thereafter, on March 2, 2009, the Court issued an Order, directing the parties, including Alfred Zhao, to, among other things, respond to any and all outstanding discovery notices served by the parties on or before March 21, 2009. According to plaintiff's counsel, Alfred Zhao did not provide discovery responses by the March 21, 2009 deadline. (See Bing Li, 9/24/09 Ltr.).

After a failed attempt to resolve this discovery dispute, on March 26, 2009, plaintiff's counsel sought the Court's intervention. (See id.; Dkt. Entry No. 66). Alfred Zhao's counsel, Kun Zhao, submitted opposition, explaining that he advised Alfred Zhao about his discovery obligations, but lost contact with his client on March 3, 2009. (See Kun Zhao 3/30/09 Ltr at Dkt. Entry No. 68). Attorney Zhao ultimately regained contact with Alfred Zhao, and received Alfred Zhao's answers only to plaintiff's document requests. (Id.) However, when attorney Zhao attempted to contact Alfred Zhao to finalize his document request responses, attorney Zhao was again unable to contact his client. As of the date of his March 30, 2009 letter to the Court, attorney Zhao had received no

response from defendant Zhao.  (Id.)

On April 9, 2009, attorney Tung filed a motion to be relieved as counsel for SAC/NJ, SAC/FL, and Yafei (Alfred) Zhao.  On May 13, 2009, the Court issued an Order, scheduling an in person conference for May 19, 2009 to address attorney Tung's motion to withdraw and all outstanding discovery issues.

Following the May 19, conference, on May 22, 2009, this Court issued a Letter Order, granting attorney Tung's motion to withdraw based on good cause shown. However, the Court again directed SAC/NJ and SAC/FL, as corporate entities, to have new counsel enter an appearance on their behalf no later than June 15, 2009.  The Court further advised that, if counsel had not entered an appearance on their behalf by June 15, this Court would ask the District Court to strike their answer and counterclaims and enter default against them.  As to Alfred Zhao, if new counsel was not secured by June 15, the Court would then deem him to be proceeding on a pro se basis.  The attorneys and *pro se* parties were directed to appear for a status conference on June 16, 2009.  Failure to appear would result in sanctions, up to and including entry of default.

On June 16, 2009, no party or counsel appeared on behalf of SAC/NJ, SAC/FL, or Alfred Zhao.  Zheng Li appeared *pro se* at the conference and attorney Kun Zhao appeared on behalf of Qi Lu. On June 17, 2009, the Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P. 16(f), arising out of the failure of SAC/FL, SAC/NJ, and Alfred Zhao to attend the Court ordered June 16, 2009, Conference.[1]  The Order to Show Cause was returnable July 22, 2009 at 3:00 p.m.  These parties were directed to file any written

---

[1] The Order to Show Cause was mistakenly issued to Qi Lu as he was represented by counsel, who appeared at the June 16, 2009 conference.

4

submissions with the Court by July 16, 2009.

On July 22, 2009, Alfred Zhao appeared *pro se* at the hearing, but no party or counsel appeared on behalf of SAC/NJ or SAC/FL. On July 24, 2009, the Court issued an Order discharging the Order to Show Cause against Alfred Zhao.[2] Given Alfred Zhao's *pro se* status, the Court denied plaintiff's request for sanctions against him. Rather, the Court directed plaintiff to re-serve its written discovery requests and Alfred Zhao to respond within thirty days of receipt. (See Bing Li's 9/24/09 Ltr.). On July 23, 2009, plaintiff re-served its discovery requests on Alfred Zhao by certified mail/return receipt requested and email. A return receipt card was executed on August 4, 2009. (See id. at Exhs. D & E). Having received no discovery responses, plaintiff's counsel sent a letter and email to Alfred Zhao on September 9, 2009, reminding him that his discovery responses were overdue. (See id. at Exh. F). Alfred Zhao's continued failure to provide discovery responses prompted plaintiff's counsel to seek this Court's intervention. On September 24, 2009, plaintiff's counsel wrote to the Court, requesting that Alfred Zhao be compelled to immediately provide discovery responses and be sanctioned for his noncompliance with his discovery obligations and court orders. (See id.).

On September 25, 2009, this Court issued a revised Letter Order, directing counsel and *pro se* parties to appear for an in person conference on October 1, 2009, to address, among other topics, all outstanding discovery issues and noncompliance with Court orders. On October 1, 2009, no party or counsel appeared on behalf of Alfred Zhao. To date, Alfred Zhao has neither contacted the Court nor provided any discovery.

---

[2] The July 24, 2009 Order also discharged the Order to Show Cause against Qi Lu.

**DISCUSSION**

The failure of defendant Alfred Zhao to comply with his discovery obligations as well as the Orders of this Court requires this Court to determine the appropriate sanctions to impose. In <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. <u>Poulis</u>, 747 F.2d at 868. The <u>Poulis</u> factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." <u>Id.</u> at 868. The Court is required to balance each factor in its analysis. <u>Id.</u>

    1.        The Extent of Alfred Zhao's Personal Responsibility

At no time has Alfred Zhao offered any written or verbal explanation to this Court for his failure to comply with discovery obligations or court orders. Indeed, two separate lawyers, Mr. Flynn, and Mr. Tung, have been relieved as counsel because, <u>inter alia</u>, Alfred Zhao failed to respond or otherwise cooperate with them in defending this litigation. Additionally, after this Court granted the motion to be relieved by Order entered on May 22, 2009, *pro se* defendant Alfred Zhao failed to appear for the June 16, 2009 and October 1, 2009 court ordered conferences or provide complete discovery requests following the Court's order at the July 22, 2009, conference. Accordingly, this Court finds that Alfred Zhao is personally responsible for his own failure to comply with discovery and court orders. His repeated inaction demonstrates a willful decision to disregard his discovery obligations and orders of the Court. Alfred Zhao was warned that continued failure to comply would

result in sanctions, up to and including, entry of default. He ignored the Court's Orders of May 22, 2009, June 17, 2009, and September 25, 2009.

Alfred Zhao is not exempt from responsibility for failure to abide by Court orders simply because he is a pro se litigant. "[A]ll litigants, including *pro ses*, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994). Alfred Zhao continuously failed to comply with court ordered discovery obligations and appearances for conferences.

Alfred Zhao made a purposeful decision to thwart discovery and refuse to appear for court ordered appearances. Accordingly, this factor weighs in favors of striking Alfred Zhao' answer and counterclaims, ordering that default be entered against him, and allowing plaintiff to proceed to judgment by default as to Alfred Zhao.

    2.    Prejudice to Plaintiff

Based on Alfred Zhao's decision to thwart the discovery process, plaintiff is incapable of prosecuting its claims against him. Despite orders from this Court, Alfred Zhao has not produced discovery and failed to attend two in person conferences.

The inaction of Alfred Zhao has prejudiced plaintiff in its ability to proceed with discovery. Additionally, based on his inaction, it is impossible for plaintiff to understand Alfred Zhao's defenses and counterclaims and adequately respond to same.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The court explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable

7

harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id. Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)(citations omitted).

Here, the prejudice is palpable. Plaintiff is unable to obtain any discovery from Alfred Zhao or ascertain his defenses or counterclaims in this suit. The discovery failures and decision not to appear at court ordered conferences present in this matter weigh in favor of striking the answer and counterclaims of Alfred Zhao, ordering that default by entered against him, and allowing plaintiff to proceed to judgment by default as to him.

3.  History of Dilatoriness

Again, Alfred Zhao has made no attempt to explain his failure to comply with discovery obligations or appear for court appearances. As set forth above, this Court made several efforts to permit Alfred Zhao to defend this action and to prosecute his counterclaims. He was given time to secure new counsel after Mr. Tung's firm withdrew from the case. After he failed to appear at the June 16, 2009, Scheduling Conference, the Court gave him yet another chance. This Court further issued an Order, on September 25, 2009, directing Alfred Zhao to appear on October 2, 2009, to address his continued failure to answer plaintiff's outstanding discovery requests – which had been originally served nine months earlier on December 22, 2008. He failed to appear.

Poulis makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history...of ignoring these time limits is intolerable."

8

747 F.2d at 868. Alfred Zhao has ignored orders and deadlines for responding to written discovery and appearing at court hearings on June 16, 2009 and October 1, 2009. Despite Orders and deadlines, discovery remains outstanding. Therefore, this factor weighs in favor of striking Alfred Zhao's answer and counterclaims, ordering that default be entered against him, and allowing plaintiff to proceed to judgment by default as to Alfred Zhao.

    4.    <u>Alfred Zhao's Conduct Has Been Willful</u>

Given Alfred Zhao's failure to provide any explanation for his failure to participate in his defense of this case or prosecution of his counterclaims against plaintiff, the Court finds that his failure to comply with discovery obligations and court orders were willful in nature. Alfred Zhao also has failed to appear for two in person conferences. Such conduct demonstrates willfulness. Accordingly, the absence of a reasonable excuse suggests willful conduct or bad faith. <u>See</u> <u>Ware</u>, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel"). This factor warrants striking Alfred Zhao's answer and counterclaims, ordering that default be entered against him, and allowing plaintiff to proceed to judgment by default as to Alfred Zhao.

    5.    <u>Effectiveness of Alternative Sanctions</u>

As the record reflects, this Court has provided Alfred Zhao several opportunities to comply with his discovery obligations, appear at court ordered conferences, defend against this suit, and prosecute his counterclaims. The record is also replete with his failure to do so. To continue to allow Alfred Zhao further benefits to comply with discovery and appear at court conferences makes this case impossible for the Court to move forward and for plaintiff to prosecute its claims or defend against Alfred Zhao's counterclaims. Alfred Zhao's refusal to follow Court Orders and discovery

9

rules has been evidenced throughout this case.

The Court has the power to strike a pleading and/or render a judgment by default as a sanction against a party who fails to obey an order regarding discovery. See FED.R.CIV.P. 37(b)(2)(c). Based on the record before this Court, no alternative to striking Alfred Zhao's answer and counterclaims, ordering that default be entered against him, and allowing plaintiff to proceed to judgment by default as to Alfred Zhao is appropriate in this case.

6.     Meritoriousness of Alfred Zhao's Defense and Counterclaims

The Court has reviewed Alfred Zhao's answer to the amended complaint and counterclaims. However, given his failure to exchange any discovery with plaintiff, the Court cannot adequately evaluate the merits, if any, of his defenses or counterclaims. Accordingly, as it is not necessary for the Court to reach this factor to recommend striking Alfred Zhao's answer and counterclaims, ordering that default be entered against him, and allowing plaintiff to proceed to judgment by default as to Alfred Zhao, this Court declines to consider this factor in weighing the recommended sanctions.

## CONCLUSION

This Court's recommendation of striking Alfred Zhao's answer and counterclaims, ordering that default be entered against him, and allowing plaintiff to proceed to judgment by default as to Alfred Zhao is not made lightly. However, this Court is convinced that it is left with no alternative. Under the circumstances, no less onerous sanction would be appropriate.

For the reasons set forth above, I recommend that the District Court strike the Answer and Counterclaims of *pro se* defendant Yafei (Alfred) Zhao (Docket Entry No. 35),[3] ordering that default

---

[3] The Court notes that the Answer and Counterclaims has been jointly filed on behalf of Yafei (Alfred) Zhao and co-defendants SAC/NJ, SAC/FL, Qi Lu, and Zheng Li. With respect to corporate defendants, SAC/NJ and SAC/FL, pursuant to settled Third Circuit law, corporations

be entered against him, and allowing plaintiff to proceed to judgment by default as to Yafei (Alfred) Zhao. The parties have ten (10) days from receipt hereof to file and serve objections.

                                                    Respectfully submitted,

                                                    *s/Madeline Cox Arleo*
                                                    MADELINE COX ARLEO
                                                    United States Magistrate Judge

Dated: October 6, 2009

Orig.: Clerk of the Court
cc:     Hon. Susan D. Wigenton, U.S.D.J.
        All Parties
        File

---

cannot represent themselves pro se. See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1966). Accordingly, on October 6, 2009, this Court signed a Report and Recommendation that the District Court strike the answer and counterclaims of corporate defendants, SAC/NJ and SAC/FL, (Dkt. Entry No. 35), order that default be entered against them, and permit plaintiff to proceed to judgment by default as to defendants SAC/NJ and SAC/FL. As such, the undersigned's recommendation herein to strike the Answer and Counterclaims applies only to defendant Yafei (Alfred) Zhao.