UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STAR PACIFIC CORP., <br>                   Plaintiff, <br><br> v. <br><br> STAR ATLANTIC CORP., a New Jersey Corporation, STAR ATLANTIC CORP., a Florida Corporation, QI LU, YAFEI ZHAO a/k/a ALFRED ZHAO, ZHENG LI a/k/a MICHAEL LI, JOHN DOE #1-10, JANE DOE 1-10, and XYZ CORPORATION #1-10, <br><br>                   Defendants. | Civil Action No. 08-4957 (SDW)(MCA) <br><br> **OPINION** <br><br> March 30, 2012 |

**WIGENTON**, District Judge.

Before the Court is Defendant Qi Lu's ("Defendant" or "Lu") Motion for Relief pursuant to Fed. R. Civ. P. 59(e) and 60(b)(6) ("Motion"). This Motion is decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, this Court denies Defendant's Motion.

**FACTUAL[1] AND PROCEDURAL HISTORY**

On October 8, 2008, Plaintiff Star Pacific Corporation ("Plaintiff" or "SPC") initiated this action alleging copyright infringement in violation of 17 U.S.C. § 501 (Count I), trade dress infringement in violation of 15 U.S.C. § 1125(a) (Count II), unfair competition in violation of 15 U.S.C. § 1125(a) (Count III) and unfair competition in violation of N.J. Stat. Ann. § 56:4-1 et

---

[1] This Court's June 10, 2011 Opinion contains a detailed factual background of this case. Therefore, the facts will not be repeated in this Opinion.

1

seq. (Count IV) against Lu, individually and as an agent for Star Atlantic Corporation, New Jersey ("SAC-NJ"), and other defendants. (Am. Compl. ¶¶ 75-112).

On March 11, 2010, this Court entered default judgment against the other defendants in this action: SAC-NJ, Star Atlantic Corporation, a Florida corporation ("SAC-FL") and Yafei Zhao a/k/a Alfred Zhao ("Zhao"), jointly and severally, in the amount of $4,547,605.38. (Docket Entry No. 147). Furthermore, this Court entered a permanent injunction in favor of SPC. (Id.) Subsequently, on August 23, 2010, Plaintiff settled and filed a Stipulation of Dismissal as to defendants Ocean Textile Corporation and Zheng Li a/k/a Michael Li. (Docket Entry No. 169). As a result, these defendants are no longer parties to this action. The only remaining named defendant is Lu.

On January 14, 2011, Plaintiff filed a motion for summary judgment, which Lu opposed. On June 10, 2011, this Court granted Plaintiff's motion for summary judgment on its copyright infringement claim against Lu. Additionally, this Court dismissed Lu's counterclaim seeking a declaration that SAC-NJ had a valid licensing agreement "to use, manufacture, resale [sic], distribute, import and export any" of SPC's "copyrighted and non-copyrighted patterns, designs, drawings, product names and design numbers." (Defs.' Countercl. ¶ 11.) Consequently, on August 5, 2011, SPC filed a motion for entry of judgment pursuant to Fed. R. Civ. P. 54(b). (Docket Entry No. 204). Plaintiff requested that the Court hold Lu jointly and severally liable with SAC-NJ, SAC-FL and Zhao for the default judgment award of $4,547,605.38. (Id.) Defendant did not file any opposition to Plaintiff's motion. This Court granted SPC's motion on September 13, 2011. (Docket Entry No. 209). On October 13, 2011, Defendant filed the present motion.

**LEGAL STANDARD**

1. Rule 59(e)

Rule 59(e) provides that a party may file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Lu is seeking relief under the third ground. To prevail under the third ground, the moving party must establish that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotation marks and citations omitted). "The word 'overlooked' is the operative term in the Rule." Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). It is within the Court's discretion to grant a motion for reconsideration. De Long v. Raymond Int'l Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981).

However, the Third Circuit has noted that "[t]he standard for obtaining relief under Rule 59(e) is difficult for [the moving] party to meet." Johnson v. Diamond State Port Corp., 50 Fed. App'x 554, 559 (3d Cir. 2002). Furthermore, the motion "'is an extremely limited procedural vehicle' and may not be used to expand the record before the court." Bowers, 130 F. Supp. 2d at 613 (quoting Resorts Int'l, Inc. v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831 (D.N.J. 1992)). Additionally, a Rule 59 motion is "not a substitute for the appellate process." Bowers,

130 F. Supp. 2d at 613.  Hence, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990); see also NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  Stated differently, "a motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (internal quotation marks and citation omitted).

   2. Rule 60

   Rule 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978).  Here, Lu is seeking relief under Rule 60(b)(6).  According to the Third Circuit, a Rule 60(b)(6) motion "must be fully substantiated by adequate proof and its exceptional character must be clearly established."  FDIC v. Alker, 234 F.2d 113, 117 (3d Cir. 1956).  The court may grant relief under Rule 60(b)(6) "only in cases evidencing extraordinary circumstances," Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975) (citing Ackermann v. United States, 340 U.S. 193

(1950)), and such a motion is "addressed to the sound discretion of the trial court." Tischio, 16 F. Supp. 2d at 533.

Similar to a Rule 59 motion, a motion under Rule 60(b) does not permit the moving party to re-litigate the court's prior rulings because "courts must be guided by the 'well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." Martinez-McBean v. Gov't of V. I., 562 F.2d 908, 911 (3d Cir. 1977) (internal citations omitted).

**DISCUSSION**

Lu seeks the Court to reconsider: (1) its decision granting summary judgment to Plaintiff on the copyright infringement claim and (2) its entry of judgment against him. On the other hand, SPC contends that Lu's Rule 59(e) motion is untimely. Plaintiff also asserts that Lu is not entitled to relief under either Rule 59(e) or Rule 60(b). Each of these arguments will be discussed in turn.

1. Timeliness of Defendant's Rule 59(e) Motion

Plaintiff asserts that Lu's Rule 59(e) motion is untimely. The rule provides that such a motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The Court entered judgment against Defendant on September 14, 2011. Defendant filed the present Motion on October 13, 2011, a day after the twenty-eight day deadline. Lu asserts that he could not file the Motion on October 12, 2011, because the Court's Case Management/Electronic Case Filing ("ECF") was experiencing a technical failure. According to Defendant, he spoke to this Court's deputy clerk and one law clerk to inform them of the technical failure. However, the fact that Lu made the Court aware of the technical failure did not

relieve him of his responsibility to file a timely Rule 59(e) motion or to follow the procedure set forth in L.Civ.R. 5.2(15).

L.Civ.R. 5.2(15), anticipating such technical failures, provides in relevant part:

> If an ECF Filing User experiences a technical failure, the document may be submitted to the Court that day in an alternative manner, provided that it is accompanied by an affidavit of the ECF Filing User's failed attempts to file electronically at least two times at least one hour apart after 12:00 noon. The following methods of filing are acceptable as a result of only the Court's technical failure:
> (a) In person, by bringing the document to the Clerk's Office as a Paper Filing in compliance with paragraph 2 of these Procedures.
> (b) Via e-mail as a PDF attachment . . . .
> (c) Through facsimile transmission to the Clerk's Office . . . .

Local Civ. R. 5.2(15). Defendant did not comply with L.Civ.R. 5.2(15) because his attorney did not use any of the three acceptable alternative methods listed in the rule. Although Defendant asserts that he received oral "assurances" that his motion would be considered timely, (Docket Entry No. 216 at 2), SPC correctly points out this Court does not have the discretion to "extend the time to act under Rule[] . . . 59(b), (d), and (e). Fed. R. Civ. P. 6(b)(2). Therefore, Lu's Rule 59(e) motion was untimely. Nonetheless, the Court will address his substantive arguments.

2. The Court's Grant of Summary Judgment

Lu maintains that the Court erred in granting summary judgment to SPC on its copyright infringement claim because material issues of fact exist as to his involvement in SAC-NJ and/or SAC-FL's[2] activities. First, Lu asserts that the Court concluded that he "personally, also

---

[2] Lu asserts that although there is no evidence that SAC-NJ and SAC-FL ever merged, this "Court consistently refers to SAC-NJ and SAC-FL as if they are one and the same or were merged." (Def.'s Br. 9 n.6.) Defendant's contention lacks merit. Plaintiff specifically alleged that Lu, Zhao, Li, and C. Liu merged SAC-FL with SAC-NJ. (Am. Compl. ¶ 51.) Additionally, SPC consistently referred to SAC-NJ and SAC-FL as one entity in its moving papers for summary judgment. Defendant did not produce any evidence, other than his denials in his answer, to demonstrate that the two companies were separate entities. The Third Circuit has specifically stated that the non-moving party may not rest on the denials in its pleadings to satisfy its burden in a motion for summary judgment. Shields, 254 F.3d at 481. Moreover, both entities shared similar officers and a warehouse. (Li Decl. Ex. M, Lu

6

engaged in direct infringement, without citing the legal standard for imposition of personal liability for direct copyright infringement by a corporation." (Def.'s Br. 10.) Lu cites to Columbia Pictures Indus., Inc. v. Redd Horne, Inc., 749 F.2d 154, 160 (3d Cir. 1984) for the standard under which "[a]n individual, officer, director, or employee" of a corporation may be held personally liable for infringement. (Def.'s Br. 10.) This Court's June 10, 2011 Opinion specifically cites to Columbia Pictures Indus., Inc., for the same legal standard that Defendant is now contending this Court did not cite to in its analysis. See Star Pac. Corp. v. Star Atl. Corp., Civ. A. No. 08-4957, 2011 U.S. Dist. LEXIS 62183, at *16-17 (D.N.J. June 10, 2011). Therefore, that argument lacks merit.

Next, Defendant argues that this Court erred in granting summary judgment because he has "consistently maintained that he was not personally involved in the sale of any goods relevant to this action, was not even aware that infringement was . . . taking place, [] did not profit from any such sales or infringement" and he is entitled to all "favorable inferences" under the summary judgment standard. (Def.'s Br. 10.) Lu also contends that "the Court made an unwarranted leap to establish his personal liability for direct infringement on the basis that [his] name appeared on SAC-NJ's incorporation documents and that he had access to [] SAC-NJ['s] bank account." (Id.)

Defendant conveniently fails to mention that this Court also based its decision on the fact that the record indicated that he was SAC-NJ's officer, director, agent, and shareholder. Furthermore, Lu was listed as an employee on SAC-NJ's monthly payroll. Star Pac. Corp., 2011 U.S. Dist. LEXIS 62183, at *16; (see also Li Decl. Ex. D, at 1-2 (SAC-NJ's monthly expense

---

Dep. 202:14-25.) Furthermore, both companies were represented by the same attorney at the inception of this action. In any event, this Court concludes that a distinction is unnecessary because Defendant represented in his opposition to Plaintiff's motion for summary judgment that SPC and SAC-FL's "sale proceeds . . . were channeled" into SAC-NJ. (Yang Decl. ¶ 26.)

7

statement listing salary details and noting that Lu's monthly salary is $3,500).) Furthermore, from April 23, 2007 to April 22, 2008, Lu processed about $591, 272.09 from SAC-NJ's accounts to pay SAC-NJ's overseas vendors. (Li Decl. Ex. J.) Lu made these transfers from his personal account and Star Atlantic Corporation's account. (Id.) Defendant also processed money from his own company, Belsun. (Id.; Li Decl. Ex. M, Lu Dep. 64:2-18.)

Like Lu's opposition to SPC's motion for summary judgment, he only presents the bare and unsupported assertions contained in his declaration to establish that he was not SAC-NJ's employee, agent, or officer. However, Lu's burden as the non-moving party in a motion for summary judgment requires "more than just bare assertions, conclusory allegations or suspicions." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (internal quotation marks and citation omitted). "The Supreme Court has unequivocally stated that the object of Rule 56(e) 'is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.'" Khrakovskiy v. Denise, Civ. A. No. 06-1033, 2009 U.S. Dist. LEXIS 96650, at *26 (D.N.J. Oct. 19, 2009) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)). Moreover, Defendant's opposition to Plaintiff's motion for summary judgment included Zhao's Certification in which he specifically states that Lu was SAC-NJ's officer, shareholder and director. (Li Decl. Ex. N ¶ 7.) Furthermore, Lu admitted to Plaintiff's allegation that he was SAC-NJ's shareholder, director and officer. (Am. Compl. ¶ 8; Defs.' Answer ¶ 8.) In addition, Lu testified that he was aware that Zhao was using his name to incorporate SAC-NJ and he permitted him to do so. (Yang Decl. Ex. A, Lu Dep. 199:6-24.)

Moreover, Lu's unsupported assertion that he was defrauded and coerced into lending money to SAC-NJ is insufficient to overcome Plaintiff's motion for summary judgment. Defendant has not provided any evidence to support that assertion. In fact, the record indicates

that Defendant is a savvy business man. He is a graduate of Beijing Foreign Trade College's three year program and has formed, owned and/or operated about seven companies and joint ventures. (Id. at 21:8-22:18, 13:10-14:3, 24:11-25:19, 26:18-27:12, 27:22-28:5, 28:6-23, 29:11-22.) In addition, Lu insists that the fact that he lost about $340,000[3] as a result of his involvement with SAC-NJ and SAC-FL demonstrates that he did not control either company's activities. (Def.'s Br. 12.) That argument lacks merit. Just because an individual loses on an investment does not necessarily mean that the individual did not have control over that investment.

Also Lu did not present any facts showing a genuine issue of material fact as to his knowledge about infringement. Shields, 245 F.3d at 481. As this Court noted in its June 10, 2011 Opinion, the New Jersey State court concluded that the licensing agreement between SPC and SAC-NJ was invalid. Star Pac. Corp., 2011 U.S. Dist. LEXIS 62183, at *23-24. Lu contends that he believed SAC-NJ had a valid licensing agreement because Liu and Attorney Xu,[4] Liu's counsel in the SPC shareholder lawsuit ("the state court action"), informed him that Liu won the state court action. (Yang Decl. ¶ 24.) Lu makes this assertion even though he also denies having any knowledge of the state court action. (Id. ¶ 23.) In any event, Defendant did not depose Attorney Xu or provide an affidavit from him to support his contention that he was led to believe Liu had won the state court action. Additionally, Lu has not asserted, in either his opposition to Plaintiff's motion for summary judgment or this Motion, why he failed to present such evidence.

---

[3] Although Defendant now claims that he lost $340,000, he represented in his opposition to Plaintiff's motion for summary judgment that he lost about $500,000 as a result of his involvement with SAC-NJ and the other defendants in this action. (Def.'s Summ. J. Opp'n Br. 11.)

[4] Attorney Xu is also a friend of Defendant and his wife. (Yang Decl. ¶ 13.)

Defendant also argues that the Court erred in concluding that he was "not truthful in his denials of knowledge of infringement." Star Pac. Corp., 2011 U.S. Dist. LEXIS 62183, at *17. According to Lu, it was inappropriate for the Court to make credibility determinations on a motion for summary judgment. (Def.'s Br. 14.) However, as the Third Circuit has noted, "it [i]s within the discretion of the district court to disbelieve [an] affidavit which is inconsistent with the evidence put forth" by another party. Am. Lung Ass'n v. Kean, 871 F.2d 319, 329 n.9 (3d Cir. 1989). For instance, Defendant's contention that he had no control over the management of SAC-NJ is undermined by the fact that on September 26, 2008, the other defendants gained access to his wife's warehouse[5] in Georgia, and shipped SAC-NJ's entire inventory from the New Jersey warehouse to that warehouse. (Id. at 81:23-82:4; 83:12-19.) Lu contends that he did not give the other defendants permission to use his wife's warehouse. However, Lu's son, who Lu concedes was an employee of SPC,[6] followed the freight truck containing SAC-NJ's inventory from New Jersey to Georgia in his van.

Overall, this Court concludes that Lu has not demonstrated that it "overlooked" any evidence he presented. Bowers, 130 F. Supp. 2d at 612. Defendant has only established his disagreement with this Court's previous ruling and is seeking to re-litigate this Court's grant of summary judgment to Plaintiff. Neither Rule 59(e) nor Rule 60(b) is an appropriate avenue for such relief.

3. The Court's Entry of Judgment against Defendant

Defendant maintains that the damages awarded to Plaintiff "are unwarranted and improper as a matter of law." (Def.'s Br. 5.) Lu contends that SPC has failed to prove its lost

---

[5] The warehouse was occupied by another tenant at the time the other defendants moved SAC-NJ's inventory there.
[6] Lu's son was also listed as SAC-NJ's employee. (Li Decl. Ex. D, at 1-2.)

profits or defendants' profit.  Moreover, Defendant asserts that SPC has not established that its lost profits are a result of defendants' infringement.  (Id. at 6, 7.)

On September 14, 2011, this Court entered judgment against Lu in the amount of $4,547,605.38 pursuant to Plaintiff's motion for entry of judgment, which Defendant did oppose. (Docket Entry No. 209).  This amount is derived from the default judgment amount entered jointly and severally against the other defendants in this action: SAC-NJ, SAC-FL and Zhao. (Docket Entry No. 147).  As Plaintiff pointed out in its motion for entry of judgment, "[a]n officer or director of a corporation who knowingly participates in the infringement can be held personally liable, jointly and severally, with the corporate defendant." Columbia Pictures Indus., Inc., 749 F.2d at 160.

Defendant is seeking relief under Rule 59(e).  As stated earlier, to prevail under the third ground, Lu must demonstrate that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Mgmt. LLC, 161 F. Supp. 2d at 353 (internal quotation marks and citations omitted).  Here, Lu did not file any opposition to SPC's motion seeking entry of judgment.  Thus, this Court did not "overlook" any controlling fact or law he brought to the Court's attention.  Bowers, 130 F. Supp. 2d at 612. Additionally, Rule 59 does not permit Lu to "raise arguments or present evidence that could have been raised prior to the entry of judgment." NL Indus., Inc., 935 F. Supp. at 516.

Lu has also not established a basis for relief under Rule 60(b).  Here, Defendant argues that he is entitled to relief because this Court's damages award is "improper" as a matter of law. (Def.'s Br. 5.)  However, the Third Circuit has held that "legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988), overruled on other grounds by Lizardo v. United States, 619 F.3d 273 (3d Cir. 2010).  Furthermore, Defendant

11

has not demonstrated the "extraordinary circumstances" necessary for relief under this rule. "Extraordinary circumstances" require Lu to demonstrate "extreme and unexpected hardship." Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008). Lu contends that this case presents such a circumstance because he was defrauded and coerced. As stated earlier, Defendant has not presented any evidence to support that assertion. Moreover, this Court has previously concluded that Lu is liable for copyright infringement.

In addition, Defendant's reliance on Boughner and Zak v. Ultimate Distribution, Inc., 2006 U.S. Dist. LEXIS 89005 (D.N.J. Dec. 8, 2006), is misplaced because this Court is not basing its decision to deny relief under Rule 60(b) solely on Lu's prior attorney's failure to file opposition to SPC's motion for entry of judgment. Zak is also distinguishable because the issue before this Court is not whether to vacate a default judgment. Consequently, Defendant is not entitled to relief under Rule 60(b).

**CONCLUSION**

For the reasons stated above, Defendant's Motion is DENIED.

s/ Susan D. Wigenton, U.S.D.J.

cc:   Magistrate Judge Madeline C. Arleo