UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STAR PACIFIC CORP., <br>       Plaintiff, <br><br> v. <br><br> STAR ATLANTIC CORP., a New Jersey Corporation, STAR ATLANTIC CORP., a Florida Corporation, QI LU, YAFEI ZHAO a/k/a ALFRED ZHAO, ZHENG LI a/k/a MICHAEL LI, JOHN DOE 1-10, JANE DOE 1-10, and XYZ CORPORATION #1-10, <br><br>       Defendants. | Civil Action No. 08-04957 (SDW)(MCA) <br><br> **OPINION** <br><br> February 20, 2013 |

**WIGENTON**, District Judge.

Before the Court is Plaintiff Star Pacific Corporation's ("SPC") Motion for an Appeal Bond against Defendant Qi Lu ("Lu") pursuant to Fed. R. App. P. 7 ("Motion"). This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1338. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). This Motion is decided without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, the Court denies SPC's Motion.

**FACTUAL AND PROCEDURAL HISTORY**

This Court relies on the detailed factual and procedural background of this copyright infringement case set forth in its previous two Opinions dated June 10, 2011[1] and March 30,

---

[1] Star Pacific Corp. v. Star Atlantic Corp., No. 08-4957 (SDW), 2011 WL 2413150 (D.N.J. Jun. 10, 2011) (granting summary judgment against Defendant Lu regarding its copyright infringement cause of action).

1

2012.[2]  Briefly stated, on March 30, 2012, this Court entered final judgment denying Lu's motion for relief pursuant to Fed. R. Civ. P. 59(e) and 60(b)(6).  Lu subsequently filed a notice of appeal with the Third Circuit.  On November 30, 2012, Lu filed his appellate merits brief.  On December 6, 2012, the Third Circuit granted SPC's request for an extension to file its responsive brief.  On December 11, 2012, SPC filed this motion requesting an appeal bond in the amount of $47,500 of which $45,000 is for attorneys' fees and $2,500 is for costs.

**DISCUSSION**

Per Rule 7 of the Federal Rules of Appellate Procedure, "[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  Fed. R. App. P. 7.  Under this rule, a district court "familiar with the contours of the case" has discretion in deciding whether to impose a bond.  See, e.g., Adsani v. Miller, 139 F.3d. 67, 79 (2d Cir. 1998).

"'Costs' referred to in Rule 7 are those that may be taxed against an unsuccessful litigant under Federal Rule of Appellate Procedure 39."  Hirschensohn v. Lawyers Title Ins. Corp., No. 96-7312, 1997 WL 307777, at *1 (3d Cir. June 10, 1997) (citing In re Am. President Lines, Inc., 779 F.2d 714, 716 (D.C. Cir. 1985)).  Rule 39 includes costs such as "printing and producing copies of briefs, appendices, records, court reporter transcripts, premiums or costs for supersedeas bonds, or other bonds to secure rights pending appeal, and fees for filing the notice of appeal."  Hirschensohn, at *1; Fed. R. App. P. 39.  Rule 39 does not specifically include attorneys' fees as "costs."

The Third Circuit addressed whether attorneys' fees should be considered "costs" for the purpose of imposing bonds pursuant to Rule 7 in Hirschensohn.  1997 WL 307777.  In

---

[2] Star Pacific Corp. v. Star Atlantic Corp., No. 08-4957 (SDW), 2012 WL 1079624 (D.N.J. Mar. 30, 2012) (denying Defendant Lu's motion for relief under Rule 59(e) and Rule 60(b)(6)).

Hirschensohn, the Third Circuit held that "[a]ttorneys fees are not among the expenses that are described as costs for purposes of Rule 39."[3] 1997 WL 307777, at *1. In making this determination, the Third Circuit relied on its prior holding in McDonald v. McCarthy, where it defined Rule 39 costs as "normal administrative costs such as those incurred in preparing the record, filing fees, and the cost of the reporter's transcript."[4] Id. at *2-3 (citing McDonald v. McCarthy, 966 F.2d. 112, 116 (3d Cir. 1992)). Furthermore, the Third Circuit reasoned that "[t]he Courts of Appeals have addressed the relationship between attorney's fees and costs in a variety of statutory contexts. Without exception, they have held that attorneys' fees are distinct from the 'costs' defined by Rule 39." Hirschensohn, 1997 WL 307777, at *2 (citations omitted).

This Court need not reach the issue of whether attorneys' fees should be considered "costs" under Rule 7. It is within this Court's discretion to determine whether an appeal bond is even warranted. Based on the circumstances in the instant matter, this Court does not find it necessary to require an appeal bond. The purpose of Rule 7 is "to protect the rights of appellees brought into appeals courts" by appellants who pose "payment risk[s]." Adsani, 139 F.3d. at 75; 16A Wright & Miller, Federal Practice and Procedure § 3953 (4th ed. 2012); see also In re Ins.

---

[3] Recognizing that Hirschensohn is an unpublished case, this Court finds it appropriate to review cases from sister circuits addressing this issue. Similar to the Third Circuit, the D.C. Circuit held that the "costs" in Rule 7 are simply those listed under Rule 39, and do not include attorneys' fees. In Re American President Lines, 779 F.2d. 714, 716 (D.C. Cir. 1985). By contrast, the First, Second, Sixth, Ninth, and Eleventh Circuits have all explicitly held that "costs" under Rule 7 can include attorneys' fees if the statute underlying the litigation contains a fee-shifting provision that accounts for attorneys' fees in its definition of recoverable costs. See Int'l Floor Crafts Inc. v. Dziemit, 420 Fed. App'x. 6, 17 (1st Cir. 2011) ("A Rule 7 bond may include appellate attorneys' fees if the applicable statute underlying the litigation contains a fee-shifting provision that accounts for such fees in its definition of recoverable costs and the appellee is eligible to recover them."); Adsani, 139 F.3d. at 75 ("[The] argument that Rule 39's 'definition' of costs should be imported into Rule 7 is unavailing."); In Re Cardizem CD Antritrust Litig., 391 F.3d. 812, 817 (6th Cir. 2004) (adopting the reasoning of the Second and Eleventh Circuits that Rule 39 does not define "costs" for the purposes of Rule 7); Azizian v. Federated Dep't Stores, 499 F.3d. 950, 955 (9th Cir. 2007) ("The more recent, majority rule, adopted by the Second, Sixth, and Eleventh Circuits, holds that a district court may order security for appellate attorneys' fees in a Rule 7 bond if they would be treated as recoverable costs under an applicable fee-shifting statute."); Pedraza v. United Guitar Corp., 313 F.3d. 1323, 1330 (11th Cir. 2002) ("Under no fair reading of the simple, unambiguous language of Rule 39 can an exportable definition of 'costs' be perceived in the language of that provision.").

Brokerage Antitrust Litig., 2007 WL 1963063, at *2 (D.N.J. 2007) ("In many cases, an appeal bond 'is necessary to provide some level of security to Lead Plaintiffs who have no assurances that Appellants have the ability to pay the costs and fees associated with opposing their appeals.'") (internal citations omitted).  Here, an appeal bond would serve no such purpose.  SPC has already obtained a final judgment against Lu in the amount of $4,547,605.38.  (Doc. No. 209.)  Requiring Lu to post a bond would not further ensure payment of costs on appeal.  Therefore, SPC's request for an appeal bond is denied.

**CONCLUSION**

For the reasons stated above, SPC's Motion for an Appeal Bond is **DENIED**.


                                            s/ Susan D. Wigenton
                                            **Susan D. Wigenton, U.S.D.J.**


cc:  Madeline Cox Arleo, U.S.M.J.